IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| COLTON BARRETT | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv300 |
| JESSE W. LOGAN, ET AL. | § | |

<u>MEMORANDUM OPINION</u>

Plaintiff Colton Barrett, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Jesse W. Logan, Clay A. Anderson and Michael J. Bennett.  The defendants are correctional officers.  Plaintiff alleges the defendants denied him equal protection of the laws and interfered with his ability to practice his religion.

Pending before the court are motions to dismiss filed by the defendants (doc. nos. 6 and 12).

<u>Factual Allegations</u>

Plaintiff alleges that on October 30, 2013, C-Wing of his building was placed on administrative lockdown status.  The defendants and other officers conducted a security search of the cells on the wing.  Pursuant to this action, plaintiff was removed from his cell and taken to another location.  Plaintiff alleges that during the search religious and devotional items and materials located in his cell were destroyed.

Plaintiff states he was never provided with any confiscation documents regarding the seizure of his property.  He alleges that he as was removed from his cell, he could not actually observe the staff members who entered his cell and file complaints against them.  No records were made as to which staff members actually entered his cell.  However, plaintiff he states that when he returned to his cell, he notified other staff members and was told to report the incident.  Plaintiff contends the items and materials were destroyed because of his religious beliefs.

## The Motions to Dismiss

The defendants assert that the claims against them should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).   To the extent they are sued in their individual capacities, the defendants state plaintiff has failed to state a claim upon which relief may be granted because plaintiff's allegations do not show they were personally involved in the destruction of his religious items and materials.  They state that while plaintiff alleges they were involved in removing him from his cell, he admits he does not know who actually entered his cell or destroyed the materials.  In addition, the defendants argue plaintiff has not shown they violated his right to practice his religion because his allegations do not show how their actions interfered with the practice of his religion or how the items and materials destroyed are related to the practice of his religion. With respect to the denial of equal protection claim, the defendants state that while plaintiff asserts his items and materials were destroyed because he is a Muslim, he had not alleged he was treated differently from similarly situated inmates.  Finally, the defendants state that to the extent they are being sued in their official capacities, they are entitled to immunity under the Eleventh Amendment to the Constitution against claims for money damages.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted.  A complaint fails to state a claim upon which relief may be granted if the factual allegations  are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*.  In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied*

2

*Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).  However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim.  *Id.*

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim.  A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010 (5th Cir. 1998) (citation omitted).  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

<u>Analysis</u>

*Personal Involvement*

A plaintiff in a civil rights case must enunciate a set of facts that illustrate a defendant's participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.3d 789, 793 (5th Cir. 1986). Plaintiff's allegations fail to satisfy this requirement.  The alleged wrong he complains of is the destruction of religious items and materials.  He alleges the defendants and other officers were involved in a security search of the cells on his wing.  However, he states he did not see which officers actually searched his cell and therefore does not know whether it was the defendants who searched his cell and removed and destroyed his religious items and materials.  As a result, he has failed to allege that the defendants participated in the alleged wrong.

*Freedom to Practice Religion*

In addition to failing to demonstrate personal involvement on the part of the defendants, plaintiff's allegations fail to show a violation of his right under the First Amendment to practice his religion.

In order to establish a violation of the free exercise clause of the First Amendment, a plaintiff must show a defendant burdened his practice of religion by preventing him from engaging in conduct mandated by his faith.  *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  A burden placed on the practice of an inmate's religion must be more

than simply inconvenient.  To constitute a constitutional violation, the burden must substantially interfere with a tenet or belief that is central to a religious doctrine.  *Freeman*, 125 F.3d at 737.

Plaintiff alleges that certain religious materials and items were taken and destroyed. However, he had not alleged that this action burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith.  Nor has he attempted to explain how his not having the religious materials and items interfered with a tenet or belief that is central to his religious doctrine.  As a result, plaintiff's claim regarding interference with his religious practice fails to state a claim upon which relief may be granted.

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents."  *Daigle v. Gulf States Utilities Company*, *Local Union Number 2286,* 794 F.2d 974, 980 (5th Cir. 1986).  Eleventh Amendment immunity extends to suits for monetary damages against a state official in his or her official capacity. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001).  Federal claims against state officials in their official capacities are the equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendants are entitled to immunity under the Eleventh Amendment for any claim against their official capacities for money damages.  The court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

<u>ORDER</u>

For the reasons set forth above, the motions to dismiss filed by the defendants are meritorious.  The motions are therefore **GRANTED**.  A final judgment shall be entered.

**SIGNED** this the 20 day of **August, 2021.**

Thad Heartfield
United States District Judge

4